IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEANE CAROL STAAB,             )
                               )
        Plaintiff,             )
                               )
  -vs-                         )   Civil Action No. 16-1798
                               )
NANCY A. BERRYHILL,[1]         )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
        Defendant.             )

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Background**

Plaintiff Leane Carol Staab ("Staab") brings this action pursuant to 42 U.S.C. § 405(g) for review of the ALJ's decision denying the claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. Staab alleges a disability beginning on June 14, 2007. (R. 1032) Following an initial hearing before an ALJ, during which both Staab and a vocational expert ("VE") testified, the ALJ denied her claim. (R. 12-19) This Court then vacated the ALJ's decision and remanded the case for further proceedings.[2] Upon remand, the ALJ held a hearing during which both Staab and a VE again testified. The ALJ then denied her claims. (R. 1032-1040). The ALJ concluded that Staab had the residual functional capacity ("RFC") to perform sedentary work with several restrictions. (R. 1039) Staab again appealed.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] This Court determined that the ALJ's opinion regarding Staab's physical impairments was not based upon substantial evidence of record. The Court also instructed the ALJ to reconsider the issue of Staab's credibility. (R. 1073) The ALJ's findings as to Staab's mental impairments were not an issue on appeal.

1

Pending are Cross Motions for Summary Judgment. See ECF docket nos. 13 and 15 After careful consideration, the case is affirmed.

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as ∀more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.

1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with

or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Mental RFC Finding</u>

As stated above, Staab's mental impairments were not at issue in the previous appeal before this Court. The ALJ initially determined that, "despite allegations of disabling mental impairments, mental status examinations revealed claimant did well under stress and her appetite, weight and sleep were normal and she denied paranoia, hallucinations, suicidal ideation or delusions." (R. 16) The ALJ noted that Staab acknowledged that she was "doing fine with the exception of some family stress and she was able to engage in a wide range of activities." (R. 16) The ALJ afforded "little weight" to the assessment proffered by Dr. Zulovich because the assessment was "contrary to his own mental status examinations, which revealed the claimant was doing very well on medication, his appearance, behavior, mood, speech, thoughts, and concentration were normal and he denied delusions, hallucinations, suicidal ideation, anxiety and problems with impulse control." (R. 17) The ALJ also found Dr. Zulovich's assessment to be in conflict with his finding in Exhibit 26F. (R. 17)

Again, Staab did not offer any objection to these findings. Following remand, which focused upon the physical RFC and credibility issues, the ALJ determined that Staab retained the residual functional capacity to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) except that she could not perform work requiring pushing or pulling with the lower extremities; she would be limited to no more than occasional bending; she could not stoop, crouch, balance or climb; she would be limited to low stress work, defined here as: work requiring the performance of only routine, repetitive tasks; only occasional judgment, decisionmaking and workplace changes; and only occasional interaction with the public, coworkers, and supervisors.

(R. 1036) Staab now takes issue with the ALJ's findings regarding mental RFC. Specifically, Staab urges that the ALJ proffered only minimal evidence in support of his assessment and failed entirely to reference Dr. Zulovich's retrospective opinion, proffered in May of 2013 and relating back to September of 2011. *See* ECF docket no. 14, p. 18-19.

Admittedly, the ALJ's opinion following remand does not dwell on mental impairments. The ALJ notes that "Behavioral Health records show that as of April 2011, the claimant was doing well. She had some family stressors, but reported that she would be watching her grandchildren more in the fall, and was looking forward to summer and going outdoors to garden." (R. 1038) No mention is made of Dr. Zulovich. The Government urges that this failure is not fatal. Rather, according to the Government, this Court can read the ALJ's two opinions together as a whole to ascertain the ALJ's mental RFC findings.

Research did not disclose a clear answer as to whether a court can read the two opinions together. The regulations provide that, when a case is remanded from a federal court, "[a]ny issues relating to your claim **may** be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983 (emphasis added). The Hearings, Appeals, and Litigation Law Manual (HALLEX) provides that "[i]f the Appeals Council (AC) remands a case to the hearing level after a court remand, it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider **all pertinent issues** *de novo.*" I-2-8-18 (emphasis added). In *Butterfield v. Astrue*, Civ. No. 6-603, 2010 WL 4027768 (E.D. Pa. Oct. 14, 2010), the phrase "all

pertinent issues" was a point of contention. "Interpreting this language," the court observed, "multiple courts have noted that '[i]nclusion of the word 'pertinent' in the manual is an indication that a case may be remanded for adjudication of only the particular steps in the inquiry which are disputed on appeal.'" *Butterfield*, 2010 WL 4027768 at * 4, *quoting, Gomez v. Comm'r. of Soc. Sec.*, Civ. No. 8-4499, 2009 WL 2222797, at * 7 (D.N.J. July 22, 2009); *see also Calderon v. Astrue*, 683 F. Supp.2d 273, 277 (E.D. N.Y. 2010).

It is important to note that, following the ALJ's initial denial of benefits, Staab did not challenge the ALJ's findings with regard to her mental limitations. (R. 1069, n. 1) This Court specifically noted that "this opinion is limited to a discussion of the alleged errors regarding her physical impairments." (R. 1069, n. 1) The issues were limited to the supportability of the ALJ's findings regarding Staab's physical residual functional capacity and her credibility. This Court found that remand was warranted based upon these issues. The Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings consistent with the order of court. (R. 1077) Thus, on remand, the "pertinent" issues concerned Staab's RFC and credibility as they related to her physical impairments. The ALJ was required to address these issues. The ALJ complied with this directive.

Certainly it may have been permissible for the ALJ to have considered other issues *de novo*, at least those that had not already been resolved in Staab's favor. Yet research did not disclose any cases, nor did Staab identify any cases, indicating that the ALJ was required to conduct a *de novo* hearing and / or relitigate issues that were not specifically addressed by the Court in its remand order. *See Butterfield*, 2010 WL

[4027768](#) at * 4 (stating that "Plaintiff has cited to no law establishing that a remand order, particularly one that sets forth pertinent issues to be addressed, requires that an entire social security application be considered *de novo*. Rather, the HALLEX states only that when a final decision is vacated, 'the ALJ must consider all pertinent issues *de novo*.' … Absent either a remand order flagging the issue or some other showing by Plaintiff that the ALJ's finding of a mild limitation in concentration, persistence, or pace was erroneous, the ALJ had no legal obligation to engage in *de novo* relitigation of this matter.")

Consequently, the mere fact that this Court remanded the case did not compel the ALJ, upon remand, to conduct a *de novo* relitigation of the entire matter. As such, I agree with the Government that it is appropriate, in these particular circumstances, to read both the current and the prior ALJ decisions together to understand the ALJ's findings with regard to Staab's mental RFC and the weighing of Dr. Zulovich's opinions. As stated above, Staab did not previously challenge the ALJ's mental RFC findings or the ALJ's findings with respect to Dr. Zulovich.[3] The same ALJ presided over both hearings and issued both decisions. During the hearing no new evidence was offered pertaining to mental impairments and Staab did not testify as to any mental impairment issues. Further, the date last insured passed long before this case was remanded for further consideration. Finally, the hypothetical the ALJ posed to the VE in each hearing is essentially the same – indicating that his findings regarding Staab's mental RFC, and of Dr. Zulovich's opinions, did not change. (R. 53, 1060)

---

[3] Nor does Staab now contend that the initial RFC findings were deficient or that the two opinions read together fail to provide substantial evidence of record in support of the ALJ's mental RFC findings. I have reviewed the same and find that substantial evidence does support his conclusions.

7

Under these unique circumstances, remanding the case so that the ALJ can articulate the same findings as to Staab's mental RFC and as to Dr. Zulovich's opinions would be "a wasteful corrective exercise." See *Young v. Astrue*, Civ. No. 7-1612, 2008 WL 3871732, at * 9 (N.D. Ga. Aug. 18, 2008) *citing, Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A Jul. 1981) ("finding that, although ALJ should have mentioned claimant's subjective complaints, remand would have been 'a wasteful corrective exercise' where no further findings could be made capable of altering the ALJ's determination"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to believe that the remand might lead to a different result."); *Ward v. Comm'r. of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("While an error of law by the ALJ may necessitate a remand … a remand is not essential if it will amount to no more than an empty exercise"); *Kobetic v. Comm'r. of Soc. Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004) ("When 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'") (*quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766, n. 6 89 S. Ct. 1426, 22 L.Ed.2d 709 (1969)). To remand this case so that the same ALJ can repeat the same findings he asserted in an earlier opinion, when no new evidence has been submitted, would be a waste of judicial resources and would serve to elevate form over function. Staab has not presented any evidence that the ALJ's finding with respect to mental RFC was erroneous in the earlier opinion. Remanding would simply require the parties to rehash argument and make the court spend additional and unnecessary resources.

   3. <u>Dr. Razzak's May 2013 Opinion</u>

8

In his earlier decision, the ALJ afforded "little weight" to the opinion proffered by Dr. Razzak. Yet he failed to reference any countervailing medical evidence in formulating Staab's physical RFC. (R. 1072) Defendant urged that this Court could nevertheless affirm the ALJ's decision based upon other evidence in the record. Recognizing that a review of an administrative order must be judged upon the bases set forth and disclosed in that order, I declined to consider *post hoc* rationalizations not listed by the ALJ as such an approach runs contrary to the law. Consequently, the case was remanded as it related to the ALJ's evaluation of Dr. Razzak's opinion. (R. 1073)

Following remand, the ALJ observed that Dr. Razzak "has offered widely conflicting opinions of the claimant's residual functional capacity." (R. 1037) The ALJ then detailed the inconsistencies between Dr. Razzak's opinions of November 4, 2009, July 31, 2012, October 16, 2012 and May 28, 2013. Significantly, the ALJ found that Dr. Razzak had made no attempt to reconcile his differing opinions. Ultimately, the ALJ found the November of 2009 opinion to be the one most supported by the evidence of record. He adopted it except that he imposed a greater restriction regarding Staab's ability to lift. (R. 1037)

When there are conflicting medical opinions regarding a claimant's physical impairments, it is within an ALJ's discretion to afford a treating physician's opinion more or less weight depending upon how well it is supported by the record. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir 1999) Here, the ALJ adequately explained that Dr. Razzak's November 2009 opinion was most consistent with the other evidence of record. That the ALJ may have made additional comments regarding the May 2013

9

opinion does not otherwise render his reliance upon the November 2009 opinion erroneous. Accordingly, remand is not required.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANE CAROL STAAB ) | |
|     Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 16-1798 |
| ) | |
| NANCY A. BERRYHILL,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
|     Defendant. ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 8th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 13) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.